O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| KESHAV UPADHYAYA KAFLEY, <br><br> Petitioner, <br><br> v. <br><br> JOSEPH E. LANGLOIS; LEON RODRIGUES; and JEH JOHNSON <br><br> Respondents. | Case № 2:15-cv-9772- ODW (AGRx) <br><br> **ORDER GRANTING RESPONDENTS' MOTION TO DISMISS [13]** |

Presently before the Court is Respondents Joseph E. Langlois, Leon Rodriguez, and Jeh Johnson's ("Respondents") Motion to Dismiss.  (Mot. to Dismiss ("Mot."), ECF No. 13.)  Because Petitioner Keshav Upadhyaya Kafley ("Petitioner") has not filed any opposition and for the reasons discussed in Respondents' papers, the Court **GRANTS** Respondents' Motion.[1]

Local Rule 7-9 provides that all opposition papers shall be filed with the court and served on each party at least twenty-one days before the date designated for hearing of the motion.  C.D. Cal. L.R. 7-9.  Local Rule 7-12 provides that the "failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the Motion."  C.D. Cal. L.R. 7-12.  Case law is

---

[1] After carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

clear that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), when the plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the Court's local rules. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *Trice v. Clark County School Dist.*, 376 Fed. App'x 789, 790 (9th Cir. 2010); *Preciado v. Los Angeles Unified School Dist.*, No. 2:13-cv-4466, 2014 WL 559372, *3 (C.D. Cal. Feb. 12, 2014).

The hearing on Respondents' motion was set for April 25, 2016. Petitioner's opposition was due by April 4, 2016. As of the date of this Order, Petitioner has not filed an opposition, or any other filing that could be construed as a request for a continuance. Petitioner's failure to oppose may therefore be deemed consent to the granting of Respondents' Motion. *Enders v. Countrywide Home Loans, Inc.*, No. C 09-3213SBA, 2009 WL 4018512, at *2 (N.D. Cal. Nov. 16, 2009) ("The Ninth Circuit has held that the failure to file an opposition to a motion to dismiss is grounds for granting the motion." (quoting *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)).

Petitioner's First Amended Petition for Writ of Mandamus alleges that the United States Citizenship and Immigration Services (and Respondents, specifically) arbitrarily, capriciously, and unreasonably delayed his asylum application, causing harm to Petitioner. Petitioner seeks an order compelling the agency to schedule his asylum interview. (First Am. Pet. For Writ of Mandamus ¶¶ 20-36, ECF No. 12.) Respondents state that Petitioner failed to state a plausible claim for relief because the Immigration and Nationality Act precludes judicial review here and expressly precludes the relief that is sought. (Mot. 1, ECF No. 13); *see* 5 U.S.C. § 701(a)(1), 5 U.S.C. § 702. The Court agrees.

And, because Petitioner failed to file an Opposition, the Court therefore holds that Petitioner consents to the granting of Respondents' Motion to Dismiss. *See* C.D. Cal. L.R. 7-12.

The Court hereby **GRANTS** Respondents' Motion to Dismiss. (ECF No. 13.) The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

June 9, 2016

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**